UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL PORZIO and
ANITA PORZIO,

    Plaintiffs,                                                            No. 3:18-cv-2087(VAB)(WIG)

        v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE,

    Defendant.
_____X

## RECOMMENDED RULING OF DISMISSAL

Plaintiffs Michael and Anita Porzio, appearing *pro se*, seek to remove a Connecticut state foreclosure action to this court, alleging that the defendant has violated the Fair Debt Collections Practices Act. Now before the Court is Michael Porzio's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. [Doc. # 2]. For the reasons that follow, the motion is granted, and the Court recommends this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon economic status. 28 U.S.C. §1915. Based upon review of the financial affidavit, the motion to proceed *in forma pauperis* is granted.

Second, the Court must determine whether the cause of action is frivolous, malicious, or without merit. 28 U.S.C. §1915(e)(2)(B). This Court "*shall dismiss* the case at any time if the

1

court determines that…the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (emphasis added).  The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning.  A claim is said to be frivolous if it does not have an arguable basis in law or fact.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court, by using this term as required, does not intend to diminish what the plaintiff has experienced or its impact upon him.

When a plaintiff appears *pro se*, the complaint must be construed liberally in the plaintiff's favor and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  It is well established that "[t]he power to dismiss *sua sponte* must be reserved for cases in which a *pro se* complaint is so frivolous that, construing the complaint under the liberal rules applicable to *pro se* complaints, it is unmistakably clear that the court lacks jurisdiction or that the claims are lacking in merit."  *Mendlow v. Seven Locks Facility*, 86 F. Supp. 2d 55, 57 (D. Conn. 2000).

In general, a defendant in a state court action may remove a case to federal court only when the original action could have been commenced in federal court.  *See* 28 U.S.C. § 1441. There is a statutorily-prescribed procedure for removal:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  In this case, the state court foreclosure action was commenced on June 26, 2013[1]; the Notice of Removal is dated December 17, 2018, well outside of the time period permitted under the removal statute.

Even if the removal was timely, the Court's review of this matter is barred by the *Rooker-Feldman* doctrine.  Pursuant to the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what is in substance appellate review of the state judgment in federal district court based on the party's claim that the state judgment violates his or her constitutional rights.  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-15 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).  The doctrine bars "not only claims that involve direct review of a state court decision, but also claims that are 'inextricably intertwined' with a state court decision." *Swiatkowski v. Bank of Am., NT & SA*, 103 F. App'x 431, 432 (2d Cir. 2004).  In order for the *Rooker-Feldman* doctrine to apply, four requirements must be met:

> First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite district court review and rejection of that judgment.  Fourth, the state-court judgment must have been rendered before the district court proceedings commenced.

*Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks and alteration omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The first and fourth of these requirements are procedural, and the second and third are substantive.  *Hoblock*, 422 F.3d at 85.

---

[1] *See Deutche Bank National v. Prozio*, Connecticut Superior Court, FBT-CV13-6036274-S.  A court is permitted to take judicial notice of documents filed in state actions.  *Bromfield v. Lend-Mortgage Bankers Corp.*, No. 15-cv-1103(MPS), 2016 WL 632443, at *1 (D. Conn. Feb. 17, 2016) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

The four factors of the *Rooker-Feldman* doctrine are established here. First, the procedural requirements are met: Plaintiffs lost in the state court action when the Judgment of Strict Foreclosure issued against them, and the state court judgment complained of was rendered on June 20, 2016, prior to the commencement of the instant action. Second, the substantive factors are met. Plaintiffs' allegations involve the defendant's conduct in connection with the proceedings leading up to the Judgment of Strict Foreclosure, which constitute a complaint of injuries caused by a state court judgment. And, the complaint invites this Court to review and reject that judgment in order to grant the relief Plaintiffs seek.

In fact, courts in this Circuit consistently find that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker-Feldman* doctrine from attacking the state court judgment in federal district court. *See Gray v. Americredit Fin. Servs., Inc.*, No. 07 CIV. 4039 SCR/MDF, 2009 WL 1787710, at *4 (S.D.N.Y. June 23, 2009) (listing cases); *see also Gordon v. Ocwen Loan Servicing*, No. 3:15-cv-507(RNC), 2016 WL 1305108, at *1-2 (D. Conn. Mar. 31, 2016) (finding a claim barred by *Rooker-Feldman* when the complaint alleged injuries caused by a state court foreclosure action); *Feinstein v. The Chase Manhattan Bank*, No. 06-cv-1512 JFB ARL, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) (holding that *Rooker-Feldman* "clearly preclude[ed]" federal court jurisdiction when the complaint sought to stop the foreclosure sale of his property); *Ashby v. Polinsky*, 328 Fed.App'x 20, 21 (2d Cir. 2009) (affirming dismissal of a foreclosure action under *Rooker-Feldman*); *Garvin v. Bank of New York*, 227 Fed.App'x 7, 8 (2d Cir. 2007) (same). Accordingly, the Court lacks subject matter jurisdiction to review Plaintiffs' claims.

For the reasons set forth above, the Court recommends this matter be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This is a Recommended Ruling. *See* Fed. R. Civ. P. 72(b)(1).

Any objection to this Recommended Ruling should be filed within 14 days after service. *See* Fed. R. Civ. P. 72(b)(2). Failure to timely object will preclude appellate review. *Impala v. United States Dep't of Justice*, 670 Fed.App'x 32, 32 (2d Cir. 2016).

SO ORDERED, this   8th   day of January, 2019 at Bridgeport, Connecticut.

*/s/ William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge